**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| REAGAN NATIONAL ADVERTISING OF AUSTIN INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:17-CV-00673-LY |
| CITY OF AUSTIN, | § § | |
| Defendant. | § | |

**JOINT RULE 26(f) CONFERENCE REPORT**

The parties conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure and submit this joint report outlining the discovery control plan of the items required by Rule 26(f)(3).

**A. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

No changes were requested by either party. The parties agree to make initial disclosures by December 1, 2017.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery may be needed on at least the following: (1) Reagan's and Lamar's applications with the City for permits for outdoor signs; (2) the City's responses to Reagan's and Lamar's applications; (3) the language of Chapter 25-10 of the City Code that was in effect at the time of Reagan's and Lamar's applications; (4) the manner in which the City enforced the provisions of Chapter 25-10 of the City Code; and (5) the City's internal communications (to the extent that they are not privileged) regarding the potential unconstitutionality of the language of

1

Chapter 25-10 that was in effect at the time of Reagan's and Lamar's applications or any need for amendment to Chapter 25-10 since June of 2015.

The parties agree that discovery should be completed by the date identified in the scheduling order agreed to by the parties.  The parties do not see a need for discovery to be conducted in phases or be limited to particular issues. To the extent that attorneys' fees may be appropriate, the parties agree to submit that information by affidavit after the trial of this cause.

**C. Any issues about disclosure of discovery or electronically stored information, including the form or forms in which it should be produced.**

The parties have agreed that electronically stored information may be provided in paper or PDF form, as the parties do not anticipate an extensive volume of documents in this case.  The parties agree to revisit this issue if an issue arises that implicates a large volume of documents.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.**

The parties do not have issues about claims or privilege or protection as trial-preparation materials.  The parties agree that privileges may be asserted after production but are not asking the Court to include their agreement in an order at this time.  The parties will comply with Rule 26(b)(5) with respect to claims of privilege.

**E. What changes should be made to the limitations on discovery imposed under these or by local rule, and what other limitations should be imposed.**

The parties are not requesting any changes to be made or limitations to be imposed different from what is specified in the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

**F. Any other orders the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

At this time, the parties are not requesting that the Court issue particular orders under Rule 26(c) or Rule 16(b) and (c).  The parties may in the future request entry of a protective order and do not anticipate needing changes to the standard Western District order.  The parties simultaneously submit a proposed scheduling order for the Court's consideration under Rule 16 of the Federal Rules of Civil Procedure.

    Respectfully Submitted,

By: /s/   *B. Russell Horton*
    B. Russell Horton
    State Bar No. 10014450
    Taline Manassian
    State Bar No. 24007596
    GEORGE BROTHERS KINCAID & HORTON, LLP
    114 West 7th Street, Ste. 1100
    Austin, Texas  78701
    (512) 495-1400 *telephone*
    (512) 499-0094 *facsimile*
    Email: rhorton@gbkh.com
    Email: tmanassian@gbkh.com

**ATTORNEYS FOR PLAINTIFF REAGAN NATIONAL ADVERTISING OF AUSTIN, INC**

By: /s/   *J. Allen Smith*
    J. Allen Smith
    Texas Bar I.D. 18616900
    amith@settlepou.com
    Bradley E. McLain
    Texas Bar I.D. 24041453
    bmclain@settlepou.com

    SETTLEPOU
    3333 Lee Parkway, Eighth Floor
    Dallas, Texas 75219
    (214) 520-3300
    (214) 526-4145 (Facsimile)

**ATTORNEYS FOR INTERVENOR LAMAR ADVANTAGE OUTDOOR COMPANY, L.P.**

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, LITIGATION DIVISION CHIEF

By:  /s/    *H. Gray Laird III*
     H. GRAY LAIRD III
     State Bar No. 24087054
     City of Austin
     P.O. Box 1546
     Austin, Texas 78767-1546
     gray.laird@austintexas.gov
     Telephone (512) 974-1342
     Facsimile (512) 974-1311

**ATTORNEYS FOR DEFENDANT CITY OF AUSTIN**

## CERTIFICATE OF SERVICE

I certify that on October 26, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send this document to the following CM/ECF participants:

H. Gray Laird
City of Austin
P.O. Box 1546
Austin, Texas 78767
Telephone: (512) 974-1342
Facsimile: (512) 974-1311
Email: gray.laird@austintexas.gov

J. Allen Smith
Bradley E. McLain
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
Email: asmith@settlepou.com
Email: bmclain@settlepou.com

                                      */s/ B. Russell Horton*
                                      B. Russell Horton