**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| REAGAN NATIONAL ADVERTISING OF AUSTIN, INC., | § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 1:17-CV-00673-LY |
| | § | |
| CITY OF AUSTIN, | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Reagan National Advertising of Austin, Inc. ("Reagan") files this First Amended Complaint against the City of Austin ("City") to invalidate Chapter 25-10 of the City of Austin Code of Ordinances ("City Code") as an unconstitutional restriction of speech.

## I. PARTIES

1. Plaintiff is Reagan National Advertising of Austin, Inc., a corporation incorporated in Delaware and doing business in Travis County, Texas.

2. Since this lawsuit was filed, Lamar Advantage Holding Company filed a motion to intervene, which was granted.

3. Defendant City of Austin, Texas, is an incorporated municipality located in Travis County, Texas and may be served by serving the mayor, Mayor Steve Adler, at Austin City Hall, 301 W. 2nd Street, 2nd Floor, Austin, Texas 78701, or the City Clerk at 301 W. 2nd Street, Suite 1120, Austin, Texas 78701. *See* TEX. CIV. PRAC. & REM. CODE § 17.024(b). The City of Austin was previously served and has answered.

4. Because this suit challenges the constitutionality of an ordinance, Warren Kenneth Paxton, Jr., Attorney General of Texas, was previously notified of the suit pursuant to

Tex. Civ. Prac. & Rem. Code 104.002(a)(2).  A copy of the original petition was served on the Office of the Attorney General at 209 West 14th Street, Austin, Texas 78701.

## II.     JURISDICTION AND VENUE

5.      This case was initially filed in Travis County, which had jurisdiction pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code and where venue was proper under Section 15.0151 of Texas Civil Practice & Remedies Code.  Defendant City of Austin removed the case to the Western District based on a federal question.

## III.    FACTS

6.      Reagan is in the business of outdoor advertising.

7.      On or about April 17, 2017, Reagan applied to the City for forty-nine permits for the installation of digital sign faces on existing sign structures.  The cover letter for the applications, which identified the applicable locations, is attached as **Exhibit A**.  Reagan remitted the required fees for each application with its submission on April 17, as indicated in the letter.

8.      Forty-three addresses were applications for permits for conversion of existing signs to digital copy.  In six instances, the existing sign structures are currently electronically controlled changeable copy signs, as they are tri-vision signs.[1]

9.      On May 25, 2017 the City denied all forty-nine permit applications.  A copy of the denial letter is attached as **Exhibit B**.  In the letter, the City said that the applications could not be approved under Section 25-10-152 and Chapter 25-10 of the City Code.

10.     Additionally, on or about June 7, 2017, Reagan applied to the City for another eleven permits for the installation of digital sign faces on existing sign structures. The cover

---

[1] While an application to convert those six may not have been necessary, they were included to keep the City of Austin informed about the intended activity with respect to those signs.

Reagan's First Amended Complaint – Page 2

letter for the applications, which identified the applicable locations, is attached as **Exhibit C**. Reagan remitted the required fees for each application with its submission on June 7, as indicated in the letter.

11.     On July 20, 2017 the City denied all eleven permit applications. A copy of the denial letter is attached as **Exhibit D**. In the letter, the City said that the applications could not be approved under Section 25-10-152 and Chapter 25-10 of the City Code.

12.     In some instances, the City allows and/or does not enforce against (a) on premise signs that have digital copy and/or (b) on premise signs that advertise for off-premise businesses, events or activities. *See e.g.* Chapter 25-10-102(6) (Unless the building official determines that the sign is a nonconforming sign, the following signs are prohibit: …(6) a sign that uses an intermittent or flashing light source to attract attention, excluding an *electronically controlled changeable-copy sign*…")(emphasis added).

13.     Reagan brings this lawsuit to challenge the constitutionality and validity of Chapter 25-10 of the City Code, in whole or in part. A copy of Chapter 25-10 of the City Code, as was in effect on both April 17, 2017 and on June 7, 2017, is attached as **Exhibit E**.

14.     Reagan seeks a finding under *Reed v. Town of Gilbert, Arizona,* 135 S. Ct. 2218 (2015) and *Auspro Enterprises, LP v. Texas Dep't of Transp.,* 506 S.W.3d 688 (Tex. App.—Austin 2016, pet. filed) that the ordinances contained in the City Code as of the date of Reagan's applications were unconstitutional as content-based restrictions of speech. In the absence of a valid City Code with respect to outdoor advertising, the City is not able to restrict Reagan's conversion of its outdoor advertising signs to digital copy. Additionally, Reagan seeks a finding that the ordinances contained in the City Code were unconstitutional as applied to Reagan. In the

absence of a valid application of the City Code to Reagan with respect to outdoor advertising, the City is not able to restrict Reagan's conversion of its outdoor signs to digital copy.

## IV. CAUSES OF ACTION

### A. DECLARATORY JUDGMENT (FACIAL CHALLENGE) AS TO CHAPTER 25-10 OF THE CITY CODE

15. Reagan asks the Court for declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.003 and 37.004(a) setting out Reagan's rights with regard to the ordinances in effect as of April 17, 2017, when Reagan filed its applications for forty-nine permits, and as was in effect as of June 7, 2017, when Reagan filed its application for eleven permits. The version of Chapter 25-10 of the City Code that was in effect on April 17, 2017 is the same as the version that was in effect on June 7, 2017.[2]

16. In *Reed,* the United States Supreme Court found that the Sign Code of Gilbert, Arizona restricted signs depending upon the "communicative content of the sign." 135 S.Ct. at 2227. Gilbert's sign ordinances made a distinction between on-premises signs and off-premises signs that the Court said depended on what the signs said. *Id.* at 2222. Because Gilbert was regulating signs based upon what the signs said, those regulations were unconstitutional as a violation of the First Amendment protection of speech and were struck. *Id.* at 2232. In *Auspro,* the Austin Court of Appeals found that two subchapters of the Texas Highway Beautification Act were severed from that Act as unconstitutional because those subchapters regulated outdoor advertising based on the content of the advertising. 506 S.W.3d at 707. In essence, these cases indicate that, if you have to read the sign to determine whether the sign is legal, then the regulation is content-based.

---

[2] If the ordinances differ between April 17, 2017 and June 7, 2017, then Reagan seeks declaratory judgment as to the ordinances as they existed on each of those dates.

Reagan's First Amended Complaint – Page 4

17.     Chapter 25-10 of the City Code requires a person to read the content of any sign to determine which City ordinances apply to that particular sign.  For example, Chapter 25-10 distinguishes between on-premise and off-premise signs and applies a different set of rules to each.  An off-premise sign is one that advertises something not located on the site where the sign is installed or that directs persons to a location not on that site.[3] *See* Chapter 25-10-3(11) (defining off-premise signs).  To decide whether something is an off-premise or on-premise sign, one must read the sign.  Only then can a person know what rules apply.

18.     Off-premise signs are prohibited, unless a building official determines they are a non-conforming sign, meaning a sign that was lawful when installed by that does not comply with Chapter 25-10.  *See* Section 25-10-102(1)(prohibiting off-premise signs) and 25-10-3(10)(defining nonconforming signs). Additionally, on-premise signs can be digital, while off-premise signs cannot. *See* Section 20-10-102(6)(allowing electronically controlled changeable-copy signs for on-premise signs) and Section 25-10-152(B)(2)(b)(disallowing a change in the method or technology used to convey a message on a nonconforming sign).

19.     Under *Reed* and *Auspro,* Chapter 25-10 of the City's Code is a content-based regulation of speech to which strict scrutiny must apply.

20.     If the City is not able to show that the restrictions further a compelling interest and are narrowly tailored to achieve that interest, the regulations must be deemed unconstitutional.

21.     If the City's ordinances, which are based upon the content of the signs, are unconstitutional, those ordinances—including the requirement that Reagan needs permits—are

---

[3] Other aspects of Chapter 25-10 are similarly problematic. By further example, a "sidewalk" sign is defined as a sign located on a sidewalk that advertises the business abutting the sidewalk where the sign is located.  *See* Section 25-10-3(17). The City Code has rules that apply only to "Sidewalk Signs."  *See* Section 25-10-153.  Chapter 25-10 also has separate rules for "Urban Farm and Market Signs" (Section 25-10-155), "Home Occupation Signs" (Section 25-10-156), "Memorial Markers" (Section 25-10-157), "Special Event Signs" (Section 25-10-158) and more. In each instance, one must read the sign to know what rules apply.

invalid and unenforceable. *See e.g., In re Hinterlong*, 109 S.W.3d 611, 636 (Tex. App.—Fort Worth 2003, orig. proceeding) ("An unconstitutional statute is void and cannot provide a basis for any right or relief.").

**B.    DECLARATORY JUDGMENT (AS-APPLIED CHALLENGE) AS TO CHAPTER 25-10 OF THE CITY CODE**

22.    The City of Austin's denial of Reagan's permit applications, while allowing similar, if not identical, digital off-premise advertising by on-premise users, is unconstitutional as applied against Reagan. Furthermore, the City's continued reliance on its purported ban on all off-premise uses of digital means that Reagan any and all permit applications for off-premise uses of digital signage will be denied by the City.

23.    The City's disparate treatment of signage through its application of the permit process results in an unconstitutional restriction on Reagan's First Amendment rights. Reagan, as an off-premise user is prohibited from any speech through the digital medium, while on-premise users are effectively allowed to speak without restriction through the same medium.

**C.    SPECIFIC REQUESTS SOUGHT**

24.    If the City's ordinances are invalid, then the City had no authority to require Reagan to obtain permits for the conversion of off-premise signs to digital copy.

25.    For these reasons, Reagan seeks the following declarations:

   a. That Chapter 25-10 (or any relevant part of Chapter 25-10) is an unconstitutional content-based regulation of speech;

   b. That Chapter 25-10 (or any relevant part of Chapter 25-10) is invalid and unenforceable;

   c. That Chapter 25-10 (or any relevant part of Chapter 25-10) is invalid as applied to Reagan; and

    d. That Reagan is allowed to convert its outdoor advertising signs to digital copy without having permits issued.

## V. CLAIM FOR ATTORNEYS' FEES AND COSTS

26. Reagan seeks fees pursuant to Tex. Civ. Prac. & Rem. Act §§ 37.009.

## VI. CONDITIONS PRECEDENT

27. All conditions precedent to Reagan's claim for relief have been performed or have occurred.

## PRAYER

For these reasons, Plaintiff Reagan National Advertising of Austin, Inc. asks that, on final trial, that Reagan be awarded a judgment against the City for the following:

    a. Declaratory judgment that Chapter 25-10 (or any relevant part of Chapter 25-10) of the City Code is an unconstitutional content-based regulation of speech;

    b. Declaratory judgment that Chapter 25-10 (or any relevant part of Chapter 25-10) of the City Code is invalid and unenforceable;

    c. Declaratory judgment that Chapter 25-10 (or any relevant part of Chapter 25-10) is invalid as applied to Reagan;

    d. Declaratory judgment that Reagan is allowed to convert its outdoor advertising signs to digital copy without having permits issued;

    e. Attorneys' fees and costs; and

    f. All other relief to which Reagan is entitled.

Respectfully submitted,

*/s/ B. Russell Horton*
B. Russell Horton
State Bar No. 10014450
Taline Manassian
State Bar No. 24007596
GEORGE BROTHERS KINCAID & HORTON, L.L.P.
114 West 7th Street, Ste. 1100
Austin, Texas 78701

(512) 495-1400 *telephone*
(512) 499-0094 *facsimile*
rhorton@gbkh.com
tmanassian@gbkh.com

**ATTORNEYS FOR PLAINTIFF
REAGAN NATIONAL ADVERTISING
OF AUSTIN, INC.**

## CERTIFICATE OF SERVICE

I certify that on February 28, 2018, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send this document to the following CM/ECF participants:

H. Gray Laird
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767
Email: gray.laird@austintexas.gov

J. Allen Smith
Bradley E. McLain
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
Email: asmith@settlepou.com
Email: bmclain@settlepou.com

*/s/ B. Russell Horton*
B. Russell Horton