IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

REAGAN NATIONAL ADVERTISING §
OF AUSTIN INC., §
    Plaintiff, §
§
v. § CIVIL ACTION NO. 1:17-CV-00673-RP
§
CITY OF AUSTIN, §
    Defendant. §

**PLAINTIFF'S AND INTERVENOR'S JOINT PRE-TRIAL FILINGS
PURSUANT TO LOCAL RULE CV-16(e)**

Plaintiff Reagan National Advertising of Austin, Inc. and Intervenor Lamar Advantage Outdoor Company, L.P. submit this information pursuant to the Order Setting Final Pretrial Conference that was entered by the Court on May 24, 2018.[1]

## I.     STIPULATED FACTS

The parties submitted their Joint Stipulations of Facts and Evidence [Doc. 23] on May 10, 2018 pursuant to the Scheduling Order that was entered by the Court on January 29, 2018. That document was amended by agreement on June 5, 2018, when the parties filed their Amended Joint Stipulations of Fact and Evidence [Doc. 26]. Plaintiff and Intervenor incorporate the amended document by reference here.

## II.     TRIAL EXHIBITS

The parties submitted a Table of Evidence in their Amended Joint Stipulations of Fact and Evidence [Doc. 26]. Plaintiff and Intervenor incorporate the Table of Evidence, with its footnotes, from the Amended Joint Stipulations of Fact and Evidence here.

---

[1] Because this is a bench trial, Plaintiff and Intervenor are not addressing the portions of Local Rule CV-16(e) that pertain to questions to be asked of jurors, statements to be used at voir dire, or proposed jury instructions and verdict forms.

### III. TRIAL WITNESSES

Plaintiff Reagan may call Billy Reagan as a witness at trial, if the need arises.

Intervenor Lamar may call Alan Reeder as a witness at trial, if the need arises.

### IV. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. Background

1. Jurisdiction and venue are proper in this Court.

2. Plaintiff Reagan National Advertising of Austin, Inc. d/b/a Reagan National Advertising ("Reagan") is a Delaware corporation doing business in Austin, Travis County, Texas, and the surrounding areas.

3. Intervenor Lamar Advantage Outdoor Company, L.P. ("Lamar") is a Delaware limited partnership doing business in Austin, Travis County, Texas and the surrounding areas.

4. The City of Austin, Texas ("City") is a home-rule municipality located in Travis, Hays, and Williamson Counties.

5. The City does not have sovereign immunity, either immunity from suit or from liability, in this case.

6. Reagan and Lamar are in the business of outdoor advertising, which includes the ownership and operation of billboards. Reagan and Lamar engage in outdoor advertising within the City of Austin and in the surrounding areas.

7. Reagan and Lamar have standing to bring this suit.

B. The City's Sign Code

8. The City regulates off-premise signs in Chapter 25-10 of the Austin City Code ("Sign Code"). Unless specified otherwise, all further references to the Sign Code pertain to the version of the Sign Code that was offered as Exhibit J-1.

9. Billboards are off-premise signs.

10. The Sign Code allows new on-premise signs to be built, but new off-premise signs are prohibited and existing off-premise signs are deemed to be non-conforming signs that are not allowed to change.

11. Non-conforming signs are those that were lawful when installed but that do not comply with the Sign Code.

12. The Sign Code allows digital sign faces to be used for on-premise signs, but digital sign faces are prohibited for off-premise signs. *See e.g.,* Section 25-10-102(6)(allowing electronically controlled changeable copy signs for on-premise signs) and Section 25-10-152(B)(2)(b)(disallowing a chance in the method of technology used to convey a message on a non-conforming sign).

13. In some instances, the City allows and does not enforce against on-premise signs that have digital copy.

14. In some instances, the City allows and does not enforce against on-premise signs that advertise for off-premise businesses, events or activities.

15. The City's stated general purpose in adopting its sign regulations, including the sign regulations at issue in this lawsuit, is to protect the aesthetic value of the city and to protect public safety.

C. Reagan's Applications

16. On or about April 17, 2017, Reagan submitted fifty[2] permit applications, along with the required fees, to the City for installation of digital sign faces on existing sign structures.

17. Forty-three addresses applied for on April 17, 2017, were applications for permits for conversion of existing signs to digital copy. In seven[3] instances, the existing sign structures are currently electronically controlled changeable copy signs, as they are tri-vision signs.

18. On May 25, 2017 the City denied all fifty permit applications.

19. Additionally, on or about June 7, 2017, Reagan submitted another eleven permit applications, along with the required fees, to the City for installation of digital sign faces on existing sign structures.

20. On July 20, 2017 the City denied all eleven permit applications.

21. The addresses of Reagan's sign structures that were the subject of its sixty-one permit applications are listed in the attached **Exhibit A**.

22. The Sign Code was in effect at all times relevant to the applications submitted by Reagan.

D. Lamar's Applications

23. On or about June 29, 2017, Lamar submitted twenty-three permit applications, along with the required fees, to the City for installation of digital sign faces on existing sign structures.

---

[2] Reagan's First Amended Complaint says forty-nine applications were submitted. That was an error. In fact, fifty were submitted.
[3] Reagan's First Amended Complaint says six. That was an error. In fact, seven were tri-vision signs.

24. On or about August 10, 2017, the City denied all twenty-three permit applications.

25. The addresses of Lamar's sign structures that were the subject of its twenty-three permit applications are listed in the attached **Exhibit B**.

26. The Sign Code was in effect at all times relevant to the applications submitted by Lamar.

E. Revisions to the Sign Code

27. The Sign Code requires a person to read the content of a sign to determine whether the sign is a permissible on-premise or impermissible off-premise sign.

28. Chapter 25-10 of the City Code was amended on August 17, 2017, after all the Reagan and Lamar permit applications were received and denied by the City.

29. The City Council was advised by City legal staff that the Sign Code should be amended to eliminate the Code's content restrictions and to comply with First Amendment, as interpreted by the United States Supreme Court in *Reed v. Town of Gilbert, Arizona,* 135 S. Ct. 2218 (2015).

F. Conclusions as to Facial Challenge

30. The Sign Code, on its face, is a content based restriction of speech to which strict scrutiny must apply.

31. The City was not able to show that the content based restrictions of speech further a compelling interest and are narrowly tailored to achieve that interest.

32. The Sign Code does not survive strict scrutiny.

33. The Sign Code is struck as an unconstitutional content-based restriction of speech.

34. The Sign Code is invalid and unenforceable.

35. Even assuming intermediate scrutiny applies, the Sign Code does not survive a constitutional challenge, as it is not narrowly tailored to advance a substantial governmental interest.

G. Conclusions as to As-Applied Challenge

36. The City's allowance of digital advertising by on-premise users, while denying Reagan's and Lamar's permit applications, is disparate treatment of signage that results in an unconstitutional restriction of Reagan's and Lamar's First Amendment rights.

37. The City's allowance of digital advertising by on-premise users that advertise for off-premise businesses, events or activities is disparate treatment of signage that results in an unconstitutional restriction of Reagan's and Lamar's First Amendment rights.

38. The Sign Code was unconstitutional as applied to Reagan.

39. The Sign Code was unconstitutional as applied to Lamar.

H. Conclusion as to Conversion of Signs

40. Reagan is allowed to convert its outdoor advertising signs specified in Exhibit A to digital copy without having permits issued.

41. Lamar is allowed to convert its outdoor advertising signs specified in Exhibit B to digital copy without having permits issued.

## V. MOTIONS IN LIMINE

Plaintiff and Intervenor assert no motions in limine.

## VI. ESTIMATED LENGTH OF TRIAL

Plaintiff and Intervenor estimate the probable length of trial to be one day.

Respectfully Submitted,

By: /s/ *B. Russell Horton*
 B. Russell Horton
 State Bar No. 10014450
 Taline Manassian
 State Bar No. 24007596
 GEORGE BROTHERS KINCAID & HORTON, LLP
 114 West 7th Street, Ste. 1100
 Austin, Texas 78701
 (512) 495-1400 *telephone*
 (512) 499-0094 *facsimile*
 Email: rhorton@gbkh.com
 Email: tmanassian@gbkh.com

**ATTORNEYS FOR PLAINTIFF REAGAN NATIONAL ADVERTISING OF AUSTIN, INC.**

By: /s/ *J. Allen Smith*
 J. Allen Smith
 Texas Bar I.D. 18616900
 amith@settlepou.com
 Bradley E. McLain
 Texas Bar I.D. 24041453
 bmclain@settlepou.com
 SETTLEPOU
 3333 Lee Parkway, Eighth Floor
 Dallas, Texas 75219
 (214) 520-3300
 (214) 526-4145 (Facsimile)

**ATTORNEYS FOR INTERVENOR LAMAR ADVANTAGE OUTDOOR COMPANY, L.P.**

**CERTIFICATE OF SERVICE**

      I certify that on June 5, 2018, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send this document to the following CM/ECF participants:

H. Gray Laird
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767
Email: gray.laird@austintexas.gov

J. Allen Smith
Bradley E. McLain
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
Email: asmith@settlepou.com
Email: bmclain@settlepou.com

                                                */s/ B. Russell Horton*
                                                B. Russell Horton